IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv397 |
| ANN ROGERS | § | |

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

Plaintiff Christopher Johnson, an inmate confined at the Monroe Correctional Center, proceeding *pro se* and *in forma pauperis*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Ann Rogers.

The court heretofore referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Plaintiff's objections are without merit.

Plaintiff complains of the defendant's failure to return property to him. To the extent plaintiff potentially alleged a claim with diversity of citizenship as the only basis for federal jurisdiction, plaintiff's claim fails to satisfy the amount in controversy requirement. See 28 U.S.C. § 1332(a). Federal diversity jurisdiction is proper if the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest. Id. In determining the amount in controversy, the court must look to the amount of damages claimed by plaintiff in good faith. Allen v. R & H Oil and Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). However, the court should look to the actual amount in controversy, not just the damages claimed. See Diefenthal v. C.A.B., 681 F.2d 1039, 1052 (5th Cir. 1982), cert. denied, 459 U.S. 1107, 103 S. Ct. 732, 74 L.Ed.2d 956 (1983) (court would be remiss in accepting every damage claim at face value, no matter how trivial the underlying injury).

Here, in his original complaint, plaintiff seeks $15,000 in damages as a result of the defendant's conduct. In his objections, plaintiff states he seeks $50,000 in damages. However, such an allegation is still insufficient to satisfy the amount in controversy requirement. Further, an allegation of the loss of a wedding ring, two necklaces, and a pinky ring is patently insufficient to support a good faith claim for damages in excess of $75,000. See, e.g. id. at 1052-53 (brusque refusal by flight attendant to seat passenger in particular section of plain will not justify damage claim of $10,000); Christensen v. Northwest

*Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (rude and discourteous conduct by airline agents insufficient to support damages in excess of $10,000); *Jones v. Malaco Music*, 2 F.Supp.2d 880, 884 (S.D. Miss. 1998) (dismissing diversity case where plaintiff sought $5.8 million in damages as a result of failure to timely receive $869.39 payment); *see also Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (federal courts not proper forum for resolving small tort claims brought by prisoners); *Raymond v. Alvord ISD*, 639 F.2d 257, 258 (5th Cir. 1981) (questioning whether federal jurisdiction is proper in cases involving "frivolous or insubstantial" property interests). Because plaintiff has failed to satisfy the amount in controversy requirement, diversity jurisdiction is not proper. Accordingly, plaintiff's objections are without merit and should be overruled.

O R D E R

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the reports of the Magistrate Judge are **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this 12th day of December, 2005.

Richard A. Schell
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE